IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ASHLEY BRITTON, individually,      )
et al.,                            )
                                   )
              Plaintiffs,          )
                                   )
-vs-                               )      Case No. CIV-05-1322-F
                                   )
ELECTROLUX HOME PRODUCTS,          )
INC., et al.,                      )
                                   )
              Defendants.          )

## ORDER

Before the court is Plaintiffs' Motion for Summary Judgment, filed August 15, 2006 (doc. no. 57). Also before the court is Defendants' Motion for Summary Judgment, filed August 15, 2006 (doc. no. 59). Upon careful consideration of all of the parties' submissions in support of and in opposition to the motions, the court makes its determination.

Background

This products liability action arises from a lawn tractor accident which occurred on October 19, 2004. On that day, Justin Britton was operating a Craftsman-brand lawn tractor, model number 917.272220, manufactured by defendant, Electrolux Home Products, Inc., on September 21, 2000, and sold by defendants, Sears, Roebuck and Company. The tractor was equipped with a 42" steel mower deck, positioned between the front and rear wheels, which encased two rotating steel mower blades. While mowing his lawn, Mr. Britton placed the tractor in reverse and backed over his four-year-old son. The child's left leg had to be amputated below the knee due to injuries sustained from contact with the tractor's rotating steel mower blades.

Plaintiff, Ashley Britton, the mother of the child, brings this action individually and on behalf of her son, seeking actual and punitive damages against defendants, Electrolux Home Products, Inc. and Sears, Roebuck and Co.

Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

Discussion

Oklahoma's version of strict liability in tort, as a theory of recovery for injuries suffered as a result of a product defect, was first clearly defined by the Oklahoma Supreme Court in Kirkland v. General Motors Corporation, 521 P.2d 1353, 1363 (Okla. 1974):

> First of all Plaintiff must prove that the product was the cause of the injury; the mere possibility that it might have caused the injury is not enough.

Secondly, Plaintiff must prove that the defect existed in the product, if the action is against the manufacturer, at the time the product left the manufacturer's possession and control.  If the action is against the retailer or supplier of the article, then the Plaintiff must prove that the article was defective at the time of sale for public use or consumption or at the time it left the retailer's possession and control.

Thirdly, Plaintiff must prove that the defect made the article unreasonably dangerous to him or to his property . . . .

"The alleged defect may be the result of a problem in the product's design or manufacture, or it may be the result of inadequate warnings regarding use of the product."  Wheeler v. Ho Sports Inc., 232 F.3d 754, 757 (10th Cir. 2000) (quotation omitted).  A product is "unreasonably dangerous" when it is "'dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as its characteristics.'"  Smith v. U.S. Gypsum Co., 612 P.2d 251, 253 (Okla. 1980)(quoting Kirkland, 521 P.2d at 1362-63).  Whether a product is more dangerous than would be expected by the ordinary consumer is an objective test.  Cox v. Murray Ohio Manufacturing Co., 732 F. Supp. 1555, 1560 (W.D. Okla. 1987).

In this case, plaintiffs allege that the lawn tractor was defective due to the absence of a no-mow-in-reverse ("NMIR") type system.  According to plaintiffs, the NMIR system is a system which disengages the rotating blades "when the mower is placed in reverse." Plaintiffs' Objection, doc. no. 73, at 13.  Plaintiffs contend that a NMIR-type system is a safety feature whose sole purpose is to prevent or reduce blade contact injuries when the lawn tractor is placed in reverse travel.  Id.  Plaintiffs point out that major competitors of defendant, Electrolux Home Products, Inc., had installed NMIR-type systems on their lawn tractors prior to 2000, the year the subject lawn

tractor was manufactured.  Plaintiff allege that the absence of a NMIR-type safety feature rendered the subject lawn tractor unreasonably dangerous.

Defendants, in their motion, contend that they are entitled to summary judgment on plaintiffs' defective design claim on the basis that plaintiffs cannot show that the lawn tractor was unreasonably dangerous.  Defendants primarily rely upon the decision in Brown v. Sears, Roebuck & Co., 328 F.3d 1274 (10th Cir. 2003), wherein the Tenth Circuit affirmed the district court's grant of summary judgment to defendant Sears, Roebuck and Co., on plaintiff's defective design claim based upon the absence of a NMIR-type system.  In reaching its decision, the Tenth Circuit found that plaintiff's evidence had failed to satisfy the objective consumer expectations test.  The Tenth Circuit specifically found that "[a]n ordinary and prudent user of the mower would have appreciated the danger arising from the operation of the mower blades while the tractor was moving in reverse." Id. at 1283.  Defendants contend that although the Brown decision was decided under Utah law, it should be followed in that Oklahoma, like Utah, applies the objective consumer expectations test.

Defendants are correct that Oklahoma law applies an objective consumer expectations test for the determination of whether a product is unreasonably dangerous.  Kirkland, 521 P.2d 1362-63; Lee v. Volkswagen of America, Inc., 688 P.2d 1283, 1285 (Okla. 1984).  As previously stated, a product is unreasonably dangerous when it is "'dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics.'" Smith, 612 P.2d at 253 (quoting Kirkland, 521 P.2d at 1362-63).  "The issue, roughly speaking, is whether an ordinary person would think the product is less dangerous than it is." Brown, 328 F.3d at 1280.  A product is unreasonably dangerous if "its actual dangers exceed its perceived dangers." Id. at 1282.

4

Having reviewed the record, the court concludes that plaintiffs have failed to present sufficient evidence for a jury to conclude that the lawn tractor was unreasonably dangerous.  As did the Tenth Circuit in <u>Brown,</u> the court concludes that the ordinary consumer  would appreciate the danger arising from the operation of the rotating steel mower blades while the lawn tractor was moving in reverse.  *Id*. at 1282 - 83.  The court finds that plaintiffs' evidence does not establish otherwise.

In his expert report, plaintiffs' expert, Kevin B. Sevart, opines:

> It should have been foreseeable to the manufacturer and retailer that not all owners, users and operators of their lawn tractors would have sufficient knowledge and information to have a full appreciation of the hazards and risks associated with the normal operation of the machine. Foreseeable owners, users and operators would not be expected to be knowledgeable of the long history of back over accidents involving young children; to know how frequently back over accidents occur; to appreciate that young children may be attracted to the mower; to appreciate the operator's severely limited vision while traveling in reverse; to be aware of the severe injuries that have occurred during the back over accidents.

*See,* Exhibit 9 to Brief in Support of Defendant's Motion for Summary Judgment, p. 4-5.  Not surprisingly, Mr. Sevart does not specifically opine that the ordinary consumer would not appreciate the danger arising from the operation of the rotating steel mower blades while the lawn tractor was moving in reverse.  Moreover, Mr. Sevart, in his opinion, does not explain why foreseeable owners, users and operators need to know the history of back over accidents, the frequency of the accidents, that young children may be attracted to the mower, that the operator's vision may be severely limited while traveling in reverse and that severe injuries have occurred in back over accidents, to understand and appreciate the danger associated with the normal operation of a lawn tractor.  There is no evidence from Mr. Sevart or any other

5

source that an ordinary consumer's appreciation of the danger associated with the operation of the  rotating blades is dependent upon knowledge and appreciation of these stated items.  In addition, there is also no evidence that the ordinary consumer's appreciation of the danger from operation of the rotating blades is dependent upon the direction that the lawn tractor is moving.  There is no evidence in the record that an ordinary consumer expects the rotating blades to come to a stop when the tractor is placed into reverse gear.  The court concludes that Mr. Sevart's opinion does not present sufficient evidence for a jury to find that an ordinary consumer would not appreciate the danger arising from the operation of the rotating blades while the lawn tractor was traveling in reverse.

Plaintiffs have also submitted testimony from David Macarus, an engineer and an employee of defendant, Sears, Roebuck and Co., and Gerald Coons, one of defendants' designated experts, regarding the consumer's lack of knowledge of "back over blade contact injuries."  *See*, Exhibit 1 of Plaintiffs' Objection to Defendants' Motion for Summary Judgment, Deposition of David Macarus, p. 110, ll. 14-25; Exhibit 3 of Plaintiffs' Objection to Defendants' Motion for Summary Judgment, p. 206, ll. 8-14.  Initially, the court would note that Mr. Macarus has not been proffered as an expert witness nor was he designated as a Fed. R. Civ. P. 30(b)(6) witness by defendants.  In any event, the fact that an ordinary consumer may not have known of "back over blade contact injuries" does not establish or raise an reasonable inference that an ordinary consumer would not have appreciated the danger arising from the operation of the rotating blades.

As the Tenth Circuit concluded in <u>Brown</u>, the court finds that plaintiffs' evidence fails to satisfy the objective consumer expectations test.[1]  An ordinary

---

[1] It should be noted that the court does not treat the decision of the Court of Appeals, in <u>Brown</u>, as mandating, as a matter of law, that a plaintiff cannot win a back over blade contact

6

consumer of the lawn tractor would have appreciated the danger arising from the operation of the tractor blades while the tractor was moving in a reverse direction.

The court recognizes that plaintiffs have shown that a safety device (the NMIR-type system) was available at the time of manufacture and sale of the lawn tractor. However, the fact that it is possible to make a product more safe does not render its design defective. A manufacturer has no obligation to build a fail-safe product. Wheeler, 232 F.3d at 757; Cox, 732 F. Supp. at 1561. Moreover, evidence that the lawn tractor "could have been made 'safer' does not establish that it was less safe than would be expected by the ordinary consumer." Woods v. Fruehauf Corp., 765 P.2d 770, 775 (Okla. 1988); *see also*, Wicker v. Ford Motor Co., 393 F. Supp. 2d 1229, 1236 (W.D. Okla. 2005). Because plaintiffs have failed to present sufficient evidence to raise a triable issue of fact as to whether the lawn tractor was dangerous beyond the extent contemplated by an ordinary consumer, the court finds that plaintiffs have failed to establish that they have a submissible case on the issue of whether the lawn tractor is unreasonably dangerous. Consequently, the court concludes as a matter of law, on this record, that plaintiffs cannot establish the "unreasonably dangerous" element of their defective design claim. The court therefore concludes that defendants are entitled to summary judgment on plaintiffs' defective design claim. *See*, Celotex Corp., 477 U.S. at 322 ("Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.")

---

case in the Tenth Circuit. That would amount to a misapplication of Circuit Court precedent. This court's conclusion in this case is that the Circuit Court's *reasoning* in Brown applies here, and leads to the same result.

Plaintiffs also allege that the lawn tractor was defective due to the absence of adequate warnings. Under Oklahoma law, a failure to adequately warn of a known potential risk renders a product defective, however, the plaintiff must establish that the failure to warn caused the injury. Daniel v. Ben E. Keith Company, 97 F.3d 1329, 1332 (10th Cir. 1996). In this regard, Oklahoma law recognizes a rebuttable presumption that a party would have read and heeded an adequate warning. *Id*. Thus, in the absence of evidence rebutting the presumption, a plaintiff need not produce evidence that the party would have acted differently, if an adequate warning had been given. *Id*. But once the opposing party meets its burden to come forward with evidence rebutting the presumption, the presumption disappears. *Id*.

In this case, defendant has rebutted the presumption with undisputed evidence that Justin Britton did not read any of the warnings or safety instructions in the owner's manual or read any of the warnings on the tractor itself. Thus, any presumption that a different warning would have been read and heeded by Justin Britton has disappeared and plaintiffs continue to carry the burden of establishing that the allegedly inadequate warnings caused the child's injuries. Daniel, 97 F.3d at 1333. The court concludes that plaintiffs have failed to present sufficient evidence for a jury to conclude that the alleged inadequate warnings caused the injuries at issue. The court therefore concludes that plaintiffs have failed to present sufficient evidence to establish the essential element of causation for their failure to warn claim. Accordingly, the court finds that defendants are also entitled to summary judgment on plaintiffs' failure to warn claim. *See*, Celotex Corp., 477 U.S. at 322.

In light of the court's findings that defendants are entitled to summary judgment on plaintiffs' defective design claim and plaintiffs' failure to warn claim, the court concludes that plaintiffs' motion for partial summary judgment on the issue of defendants' liability on plaintiffs' defective design claim and plaintiffs' failure to

warn claim and on the issue of defendants' purported affirmative defenses in regard to plaintiffs' defective design claim and plaintiffs' failure to warn claim should be denied.

Conclusion

Based upon the foregoing,

Defendants' Motion for Summary Judgment, filed August 15, 2006 (doc. no. 59), is **GRANTED**.

Plaintiffs' Motion for Summary Judgment, filed August 15, 2006 (doc. no. 57), is **DENIED**.

Judgment shall issue forthwith.

DATED this 13th day of October, 2006.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-1332p002(pub).wpd